IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MARY E. CHASE, *et al.*,  )<br>)<br>Defendants.  )<br>) | Civil Action No. 24-cv-00017-LKG<br><br>Dated:  September 26, 2024 |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

On April 23, 2024, Defendant Mary C. Gallagher filed a motion for summary judgment and/or for declaratory relief, pursuant to Fed. R. Civ. P. 56 and 57, requesting an order from the Court declaring that she is the intended beneficiary of a life insurance policy held by Edward Ford Gallagher (the "Decedent"), through Metropolitan Life Insurance Company (the "MetLife Policy"). ECF No. 17. No opposition to this motion has been filed. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **GRANTS** Defendant Mary C. Gallagher's motion for summary judgment and/or for declaratory relief; (2) **DECLARES** that Defendant Mary C. Gallagher is the intended beneficiary of the MetLife Policy; (3) **DIRECTS** the Clerk of the Court to **DISBURSE** $31,933.11 in deposited funds from the Court's registry to Defendant Mary C. Gallagher;[1] and (4) **DIRECTS** the Clerk of the Court to **CLOSE** the case.

---

[1] On March 26, 2024, Metropolitan Life Insurance Company deposited $31,933.11 in insurance proceeds plus interest with the Registry of the Court. *See* Dkt.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

### A.     Factual Background

This interpleader action involves a claim for declaratory relief regarding the intended beneficiary of a life insurance policy held by the Decedent through Metropolitan Life Insurance Company ("MetLife"). *See generally* ECF No. 17. Specifically, Defendant Mary C. Gallagher seeks a declaration that she is the "Mary Gallagher" named as the beneficiary of the MetLife Policy and the disbursement of the MetLife Policy insurance proceeds currently held by the Registry of the Court. *Id*. at Prayer for Relief.

As background, the Decedent died on February 1, 2023, at the age of 71. ECF No. 1 at ¶ 9; *see also* ECF No. 1-2 at 2. The Decedent held a life insurance policy through his employer, the Prince George's County Government, that was issued by MetLife. ECF No. 1 at ¶ 7. In 2016, the Decedent elected to change the beneficiary of the MetLife Policy to "Mary Gallagher" effective January 1, 2016. *Id*. at ¶ 11; *see also* ECF No. 1-3 at 2. Upon the Decedent's death, $31,750.00 in insurance proceeds became payable to "Mary Gallagher" as the MetLife Policy's beneficiary. ECF No. 1 at ¶ 10.

Relevant to the pending motion, there are several women who are named "Mary" in the Gallagher family. First, Defendant Mary C. Gallagher is the Decedent's sister. *Id*. at ¶ 3. She has never gone by any other name. ECF No. 17 at ¶ 4.

The Decedent was also previously married to Defendant Mary E. Chase. ECF No. 1 at ¶ 2. The couple divorced in 1999. ECF No. 17 at ¶ 5. On December 2, 1999, the Circuit Court of Calvert County, Maryland entered a divorce decree, a copy of which has been provided to the Court. *See* ECF No. 17-1. The divorce decree contains a provision regarding medical insurance coverage to be provided by the Decedent, which states:

> ORDERED, that [the Decedent] is to provide medical insurance coverage for [his] minor child so long as it is available to him at a reasonable cost and furnish [Defendant Mary E. Chase] with the appropriate forms, and any unreimbursed or uncovered expenses

---

[2] The facts recited in this memorandum opinion are derived from MetLife's complaint in interpleader and the attachments thereto, Defendant Mary C. Gallagher's motion for summary judgment and/or declaratory relief and sworn declarations from Mary C. Gallagher and Timothy Paul Gallagher, the younger brother of Edward Ford Gallagher and Mary C. Gallagher. ECF Nos. 1, 17, 17-3, 17-4.

> for the minor children shall be paid by [the Decedent] by
> agreement of the parties.

*Id*. at 2.  The Decedent and Defendant Mary E. Chase also entered into a marital settlement agreement on October 18, 1999, which provides, in relevant part, that:

> [T]he [Decedent] shall maintain the life insurance presently in
> effect in the amount of $100,000.00 (One Hundred Thousand
> Dollars) . . . and [Defendant Mary E. Chase] shall be the primary
> beneficiary of said insurance and the[ir] children shall be named as
> secondary beneficiaries.  If [Defendant Mary E. Chase] remarries,
> she shall be removed as the primary beneficiary.

ECF No. 1 at ¶ 18; ECF No. 17-2 at 6.  After the divorce, Defendant Mary E. Chase remarried and changed her legal name to Mary E. Chase, and she was known as Mary E. Chase at the time the Decedent updated his beneficiary designation in 2016.  ECF No. 1 at ¶ 2, 19; ECF No. 17 at ¶ 14.

The Decedent's adult daughter is Defendant Mary K. Boatwright, née Gallagher.  ECF No. 1 at ¶ 4; ECF No. 17 at ¶ 6.  Defendant Mary K. Boatwright changed her last name from Gallagher to Busenbark upon her first marriage, and after her divorce and remarriage, changed her name to Mary K. Boatwright.  ECF No. 17 at ¶ 6.  Both marriages occurred before the Decedent updated his beneficiary designation in 2016.[3]  *Id*.; *see also* ECF No. 1-5 at 2.

Defendant Mary C. Gallagher represents to the Court that, at the time that the Decedent changed the beneficiary of the MetLife Policy, she was the only member of the Gallagher family going by the name "Mary Gallagher."  ECF No. 17 at ¶ 7.  Defendant Mary C. Gallagher also represents to the Court that, around the time that the Decedent changed his beneficiary, he had conversations with other family members, during which he stated that he wanted to help and/or pay back his sister, Mary C. Gallagher, for her love and companionship.  *Id*. at ¶ 8.

Lastly, Defendant Mary C. Gallagher has submitted two affidavits in support of her motion.  In her affidavit, Defendant Mary C. Gallagher states that: (1) the Decedent was her best

---

[3] Defendant Mary C. Gallagher advises that the paper beneficiary designation form that could potentially clarify who the Decedent intended by naming "Mary Gallagher" as his beneficiary has been requested by her counsel, but has not yet been produced by the Prince George's County Department of Human Resources for privacy reasons.  ECF No. 17 at ¶ 9.

3

friend; (2) she would regularly spend time with the Decedent; (3) she would do the Decedent's grocery shopping, laundry and errands; and (4) she would speak with the Decedent on the phone at least once a day after he was moved into a senior living facility. ECF No. 17-3 at ¶¶ 3-5. In addition, Timothy Paul Gallagher, the youngest brother of the Decedent and Defendant Mary C. Gallagher, states in his affidavit that the Decedent and Defendant Mary C. Gallagher were very close and that the Decedent "would often tell [Mr. Gallagher] how much he enjoyed the visits with [Defendant Mary C. Gallagher], and that he wanted to do something for her." ECF No. 17-4 at ¶¶ 8-10. And so, Defendant Mary C. Gallagher argues that the evidence before the Court shows that she is the intended beneficiary of the MetLife Policy and she requests that the Court declare that she is the intended beneficiary. ECF No. 17 at Prayer for Relief.

### B. Procedural History

MetLife commenced this interpleader action on January 3, 2024. *See generally* ECF No. 1. On January 3, 2024, MetLife filed a motion to deposit the MetLife Policy's proceeds plus interest with the Registry of the Court, which the Court granted on March 20, 2024. ECF Nos. 3, 13.[4]

On April 23, 2024, Defendant Mary C. Gallagher filed the pending motion for summary judgment and/or declaratory relief. ECF No. 17.

No opposition to the motion having been filed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Rule 57

The Federal Rules of Civil Procedure govern the procedure for obtaining a declaratory judgment under the Federal Declaratory Judgment Act. Fed R. Civ. P. 57. The Federal Declaratory Judgment Act allows federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). And so, "a declaratory judgment action is appropriate when the judgment will serve a useful purpose in clarifying and

---

[4] On April 11, 2024, MetLife filed a motion for discharge from further liability, permanent injunction and dismissal with prejudice. ECF No. 16. On April 29, 2024, the Court granted MetLife's motion, dismissing MetLife from this case with prejudice and enjoining the Defendants from instituting any further action against MetLife related to the benefits of the MetLife Policy. ECF No. 18.

settling the legal relations in issue and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (cleaned up).  Whether to grant declaratory judgment is within the discretion of the district court.  *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004).

## IV.     ANALYSIS

Defendant Mary C. Gallagher has filed a motion for summary judgment and/or declaratory relief requesting an order from the Court declaring that she is the intended beneficiary of the MetLife Policy.  *See generally* ECF No. 17.  In support of her motion, Defendant Mary C. Gallagher argues that: (1) she has always been known by the name "Mary Gallagher," unlike the other Defendants in this case; (2) she was the only Defendant in this case known by the name "Mary Gallagher" when the Decedent changed his beneficiary designation in 2016; (3) the Decedent stated that he wanted to help and/or pay back his sister, Defendant Mary C. Gallagher, for her love and companionship, around the time the Decedent updated his beneficiary designation; (4) the reference to a $100,000.00 life insurance policy in the Decedent's marital settlement agreement with Defendant Mary E. Chase does not refer to the MetLife Policy; and (5) even if the martial settlement agreement does refer to the MetLife Policy, Defendant Mary E. Chase has been removed as a possible beneficiary of the MetLife Policy due to her subsequent remarriage.  *Id*. at 1-4.  And so, Defendant Mary C. Gallagher requests that the Court declare that she is the intended beneficiary of the MetLife Policy.  *Id*. at Prayer for Relief.

For the reasons that follow, Defendant Mary C. Gallagher has shown that she is the intended beneficiary of the MetLife Policy.  And so, the Court: (1) **GRANTS** Defendant Mary C. Gallagher's motion for summary judgment and/or for declaratory relief; (2) **DECLARES** that Defendant Mary C. Gallagher is the intended beneficiary of the MetLife Policy; (3) **DIRECTS** the Clerk of the Court to **DISBURSE** $31,933.11 in deposited funds from the Court's registry to Defendant Mary C. Gallagher; and (4) **DIRECTS** the Clerk of the Court to **CLOSE** the case.

### A. Defendant Mary C. Gallagher Has Shown That She Is The Intended Beneficiary Of The MetLife Policy

As an initial matter, Defendant Mary C. Gallagher has shown that she is the Decedent's intended beneficiary of the MetLife Policy for several reasons.

First, the Court observes that no opposition has been filed to Defendant Mary C. Gallagher's motion for summary judgment and/or for declaratory relief. Notably, Defendants Mary E. Chase and Mary K. Boatwright have neither responded to this motion, nor presented any evidence to show that they are the intended beneficiary of the MetLife Policy.

Second, the evidence before the Court supports Defendant Mary C. Gallagher's argument that the Decedent intended to make her the beneficiary of the MetLife Policy when he changed the policy's beneficiary designation in 2016. In this regard, it is undisputed that the Decedent changed the beneficiary of the MetLife Policy to "Mary Gallagher" in 2016. ECF No. 1 at ¶ 11; ECF No. 17 at ¶ 3; *see also* ECF No. 1-3 at 2. It is also undisputed that Defendant Mary C. Gallagher was the only "Mary" in the Gallagher family going by the name "Mary Gallagher" at the time the Decedent changed the beneficiary designation. ECF No. 17 at ¶¶ 5-7. The evidence before the Court shows that both Defendant Mary E. Chase and Defendant Mary K. Boatwright had *already* changed their names from "Mary Gallagher" due to marriage when the Decedent updated his beneficiary designation. ECF No. 1 at ¶ 2, 19; ECF No. 17 at ¶¶ 5-6. And so, the evidence supports the view that the Decedent was referring to his sister, Defendant Mary C. Gallagher, when he changed the beneficiary designation for the MetLife Policy to "Mary Gallagher."

The evidence before the Court also shows that Defendant Mary C. Gallagher had a close personal relationship with the Decedent. In her affidavit, Defendant Mary C. Gallagher describes the Decedent as her "best friend." ECF No. 17-3 at ¶ 3. In this regard, Defendant Mary C. Gallagher also states that she regularly spent time with the Decedent, spoke with the Decedent on the phone at least once a day and did the Decedent's grocery shopping, laundry and errands. *Id*. at ¶¶ 4-5.

In addition, the evidence before the Court shows that the Decedent had conversations with other members of the Gallagher family about his desire to thank and reward Defendant Mary C. Gallagher for her love and companionship, around the time that he changed the

6

beneficiary of the MetLife Policy.  ECF No. 17 at ¶ 8.  Notably, the youngest brother of the Decedent and Defendant Mary C. Gallagher, Timothy Paul Gallagher, states in his affidavit that Defendant Mary C. Gallagher "spent a great deal of time with [the Decedent] in his final years," calling the Decedent every day, buying the Decedent new clothes, books and bottled water, doing the Decedent's shopping and laundry and regularly watching television with him.  ECF No. 17-4 at ¶¶ 8-9, 11.  Mr. Gallagher also states that the Decedent "would often tell [him] how much he enjoyed the visits with [Defendant Mary C. Gallagher], and that he wanted to do something for her."  *Id*. at ¶ 10.  And so, this evidence further corroborates Defendant Mary C. Gallagher's argument that the Decedent intended to make her the beneficiary of the MetLife Policy.

In light of the aforementioned evidence, which is unrebutted in this case, the Court is satisfied that Defendant Mary C. Gallagher has shown that the Decedent intended that she would be the beneficiary of the MetLife Policy, when he changed the beneficiary designation for that policy in 2016.  The Court is also satisfied that a declaratory judgment regarding the intended beneficiary of the MetLife Policy is appropriate in this case, because such relief will "afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding" and resolve this litigation.  *Centennial Life Ins. Co.*, 88 F.3d at 256 (cleaned up).  And so, the Court will GRANT Defendant Mary C. Gallagher's motion for summary judgment and/or declaratory relief.

V.   **CONCLUSION**

For the foregoing reasons, the Court:

(1) **GRANTS** Defendant Mary C. Gallagher's motion for summary judgment and/or for declaratory relief;

(2) **DECLARES** that Defendant Mary C. Gallagher is the intended beneficiary of the MetLife Policy;

(3) **DIRECTS** the Clerk of the Court to **DISBURSE** $31,933.11 in deposited funds from the Court's registry to Defendant Mary C. Gallagher; and

(4) **DIRECTS** the Clerk of the Court to **CLOSE** the case.

A separate Order shall issue.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

8